



Mark W. Dykes (5067)
LeBOEUF LAMB GREENE & MacRAE, L.L.P.
1000 Kearns Building
136 South Main Street
Salt Lake City, UT 84101
Telephone: (801) 320-6700

Attorneys for Kenneth L. Rushton, Chapter 11
Trustee of the Donald E. Armstrong Bankruptcy
Estate

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| DONALD E. ARMSTRONG,<br><br>               Plaintiff,<br><br>vs.<br><br>JOHN L. FEECE,<br><br>               Defendant. | Case No. 2:01cv843C<br><br>Judge Tena Campbell<br><br>**MEMORANDUM IN SUPPORT OF THE TRUSTEE'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEBTOR AN EXTENSION OF TIME** |

Kenneth A. Rushton, Chapter 11 Trustee for the estate of Donald E. Armstrong ("Trustee") respectfully submits the above-captioned memorandum.

## STATEMENT OF FACTS

1.      On March 10, 2000, Donald E. Armstrong filed a petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Utah. Mr. Armstrong's case was assigned to the Hon. Judith Boulden, Case No. 00-26592-JAB.

21

2.      Mr. Armstrong later stipulated to the appointment of a Chapter 11 trustee. The Trustee was appointed on September 14, 2001.

3.      On January 23, 2002, this Court granted defendant Feece's motion for a stay of this action pending a contempt hearing before the Bankruptcy Court (the "Stay Order").

4.      On January 31, 2002, the Bankruptcy Court signed an order (the "Confirmation Order")[1] confirming the Trustee's plan of reorganization for the Armstrong estate. A certified copy of the Confirmation Order is attached to the Trustee's motion to dismiss as an exhibit, although it is referred to therein as the "Surrender Order."

5.      In the Confirmation Order, the Bankruptcy Court made the following findings of fact and conclusions of law:

> The evidence has . . . proven that  . . . the following causes of action are property of the Estate and have been wrongfully and contemptuously maintained by the Debtor and/or the Trusts: . . . (4) litigation initiated by complaint [exhibit no. 57] and pending in the United States District Court, District of Utah, Civ. Case No. 01-CV-843. It is therefore determined that the Trustee has the authority to control the litigation described herein and similar litigation not described herein. . . .

Confirmation Order at 18.

6.      Because of its finding that Mr. Armstrong had "wrongfully and contemptuously" maintained the litigation in this Court, the Bankruptcy Court ordered Mr. Armstrong to surrender this lawsuit to the Trustee by dismissing the litigation:

> Donald E. Armstrong as trustee of the Trusts and as Debtor in this case, is ordered to surrender any rights he or the Trusts purports to assert to . . .

---

[1]      "Findings of Fact, Conclusions of Law and Order Dated January 31, 2002 Confirming and Approving Trustee's Second Revised Plan of Reorganization Dated November 19, 2001 [Docket no. 573] and Granting Related Motions [Dockets No. 612, 613, and 695]."

> (4) litigation initiated by complaint [exhibit no. 57] and pending in the
> United States District Court, District of Utah, Civ. Case No. 01-CV-843.
> The Debtor is ordered and required to surrender the foregoing causes of
> action, suits, choses in action and claims by obtaining the dismissal of each
> of the specific causes of action set forth above.

Confirmation Order at p. 20, ¶ 4.c.

7.     Mr. Armstrong has a long, firmly established record of flouting court orders and

engaging in contemptuous activity.   Thus, the Bankruptcy Court granted the Trustee, via the

Confirmation Order, the power to dismiss this lawsuit, in the event Mr. Armstrong failed to

comply with that Court's order:

> To the extent the Debtor fails, within 15 days after the entry of this Order,
> to effectuate the dismissal of the litigation identified in this paragraph, the
> Trustee shall have the right to effectuate the dismissal of such litigation by
> presenting this Order in the case on behalf of the Debtor and effecting a
> dismissal with prejudice.

Confirmation Order at 21, ¶ 4.c.

8.     Mr. Armstrong ignored the Bankruptcy Court's order directing him to dismiss his

lawsuits, including the lawsuit pending before this Court.   Acting under the Confirmation Order,

the Trustee thus filed his motion to dismiss this lawsuit.

9.     Mr. Armstrong responded with an ex parte motion to extend his time ("Motion to

Extend Time") to respond to the motion to dismiss.

10.     On April 16, 2002, this Court granted Mr. Armstrong's ex parte motion, extending

for 30 days Mr. Armstrong's deadline to respond.

## ARGUMENT

### MR. ARMSTRONG'S MOTION FOR AN EXTENSION WAS THE FIRST SALVO IN AN IMPERMISSIBLE COLLATERAL ATTACK ON THE CONFIRMATION ORDER. THE ORDER GRANTING AN EXTENSION SHOULD BE VACATED AND THIS CASE DISMISSED

The Bankruptcy Court ordered Mr. Armstrong to dismiss this suit, and granted the Trustee leave to act in the event Mr. Armstrong failed to do so. Mr. Armstrong failed to act. The Trustee has now acted. Issuing confirmation orders lies at the core of a bankruptcy court's jurisdictional power. 28 U.S.C. § 157(b)(2)(L). If Mr. Armstrong did not like the Confirmation Order, his remedy was to take a direct appeal. Indeed, Mr. Armstrong has taken such an appeal, although his notice was untimely, thus making dismissal the likely outcome.

In Celotex v. Edwards, 514 U.S. 300 (1995), the United States Supreme Court firmly shut the door on Mr. Armstrong's current efforts. Therein, Celotex had been sued in Texas federal court for causing asbestos injuries. The plaintiffs won. Celotex posted a supersedeas bond against the judgment, but later filed a petition in bankruptcy. The bankruptcy court issued an injunction under section 105 of the bankruptcy code enjoining the plaintiffs, absent bankruptcy court approval, from executing on the bond.

Notwithstanding the bankruptcy court injunction, the plaintiffs sought leave from the district court (where the asbestos case had been tried) to execute on the bond, which leave was granted. The Fifth Circuit affirmed. The Supreme Court reversed, holding that the plaintiffs' end-run around the bankruptcy court's order was simply an impermissible collateral attack:

> We have made clear that "'it is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected.'" If respondents believed the Section 105 Injunction

> was improper, they should have challenged it in the Bankruptcy Court, like other similarly situated bonded judgment creditors have done. If dissatisfied with the Bankruptcy Court's ultimate decision, respondents can appeal . . . . Respondents chose not to pursue this course of action, but instead to collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts in Texas. This they cannot be permitted to do without seriously undercutting the orderly process of the law.

Id. at 413 -14 (citations omitted).

The case at bar is no different. Judge Boulden issued an order directing Mr. Armstrong to take action, or in his stead, the Trustee. The Trustee is now effecting that order. Mr. Armstrong's remedy is a direct appeal, not a collateral attack.

It was absolutely proper for Mr. Armstrong to inform the Court of the Stay Order. The Trustee was not a party to this case at the time, and was not aware of the Stay Order. But the sole reason the Stay Order was entered was to give the Bankruptcy Court the opportunity to rule on the Feece contempt motion. The Bankruptcy Court ultimately dismissed the Feece contempt motion as moot, because in the meantime the Bankruptcy Court had issued the Confirmation Order, which directed that this case be dismissed. The Stay Order thus poses no bar to dismissal here, and indeed contemplated the very event that has occurred: further action by the Bankruptcy Court. That action came in the form of an order directing Mr. Armstrong to dismiss this case.

There is a fundamental disconnect between Mr. Armstrong's request that his papers, as the product of a pro se litigant, be viewed charitably, Motion to Extend at 2, and the issue at bar.[2]

---

[2]    Mr. Armstrong's claim that he should be indulged because of his pro se status, id. at 2, is belied by the fierce battles Mr. Armstrong has carried out pro se in the Bankruptcy Court, in the Texas trial and appellate courts, in Utah federal district court, and in myriad Utah state courts. Mr. Armstrong has also, pro se, filed a petition for certiorari in the United States Supreme Court, and has this past week filed at least three notices of appeal of various rulings by
(continued...)

The question here is not whether Mr. Armstrong's complaint should be extra-liberally construed to discern a claim.  The issue is whether Mr. Armstrong has any right, other than taking an appeal in the ordinary course, to subvert or delay the terms of the Confirmation Order via a collateral attack in this Court.  Celotex v. Edwards provides the answer.

### CONCLUSION

The Order Extending Time should be vacated and the Trustee's motion to dismiss granted.

DATED this 19th day of April, 2002

LeBOEUF, LAMB, GREENE & MacRAE, LLP

By: _____

MARK W. DYKES
Attorneys for Kenneth A. Rushton,
Chapter 11 Trustee

---

[2](...continued)
the Bankruptcy Court.  Mr. Armstrong is the equal of many members of the bar.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by United States mail, first class postage prepaid, on the _19th_ day of April, 2002 on the following:

Donald E. Armstrong
P.O. Box 1059
Park City, UT 84060

Jeffrey L. Shields, Esq.
Gateway Tower East Suite 900
10 East South Temple
Salt Lake City, UT 84133

Marilyn Orton